IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW E. GUNNER, | ) | CASE NO. 3:09 CV 3009 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ROBERT WELCH, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before my by referral[1] is the petition of Matthew E. Gunner for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Gunner is incarcerated by the State of Ohio at the Toledo Correctional Institution,[3] where he is serving a total sentence of ten years in prison imposed in 2006 by the Lucas County (Ohio) Court of Common Pleas after a jury found Gunner guilty on single counts of possessing crack cocaine and trafficking in crack cocaine.[4]

In this petition, Gunner, who is here represented by counsel, advances two interrelated claims of ineffective assistance of counsel. First, he asserts that his

---

[1] The matter was referred to me by United States District Judge Kathleen M. O'Malley pursuant to Local Rule 72.2 by non-document order of January 8, 2010. The subsequent reassignment of the case to United States District Judge Benita Y. Pearson under General Order 2011-3 by non-document order of January 19, 2011 did not alter the prior referral to me.

[2] ECF # 1.

[3] Id. at 1; see also, www.drc.ohio.gov (verifying status of incarceration).

[4] ECF # 1 at 1.

court-appointed appellate counsel purportedly failed to advise Gunner of the time limits applicable to filing a petition for post-conviction relief.[5]  Next, he argues that his trial counsel was ineffective for not advising him to accept a plea bargain prior to trial.[6]  Essentially, Gunner contends that his ineffective assistance claim against his trial counsel, which Gunner concedes was never raised in an Ohio post-conviction petition,[7] was not so presented to an Ohio court because of the alleged ineffectiveness of his appellate counsel.

The State, in turn, maintains initially that Gunner's two current grounds for habeas relief are, in fact, a single claim (ineffective assistance of trial counsel), which ground was procedurally defaulted for not being advanced in a post-conviction petition,[8] and the second ground (ineffective assistance of appellate counsel) being here presented as cause to excuse the procedural default.[9]

The State then argues that the actions of appellate counsel in this case cannot excuse the admitted procedural default for two reasons.  First, the State contends that because there is no right to counsel concerning post-conviction proceedings, there can be no ineffective assistance regarding what counsel may have done in such proceedings.[10]  However, even if

---

[5] ECF # 1, Attachment (brief in support) at 6-7.

[6] *Id*. at 5-6.

[7] *Id*. at 7.

[8] ECF # 8 at 8-9.

[9] *Id.*

[10] *Id*. at 17-20.

counsel's conduct in post-conviction matters could be held to a constitutional standard of adequacy, the State further maintains that Gunner cannot use any alleged ineffectiveness of appellate counsel as cause for his procedural default because that ineffectiveness is itself procedurally defaulted for not being first adjudicated in a properly filed Ohio Rule 26(B) proceeding.[11]

For the reasons that follow, I will recommend finding that the State's position on procedural default is well-taken and that Gunner's petition should be dismissed.

## Facts

### A.    Background facts, trial, and sentence

The relevant facts are straightforward.  Gunner was charged in July, 2006, with one count of possession of crack cocaine in an amount exceeding 100 grams and one count of trafficking in crack cocaine in an amount exceeding 100 grams.[12]  Both counts also carried major drug offender specifications.[13]  Gunner, through counsel, entered a plea of not guilty.[14] The matter then proceeded to a jury trial where Gunner was found guilty on both counts.[15] Following a sentencing hearing, the trial court ordered Gunner to serve concurrent sentences

---

[11] *Id*. at 14-17.

[12] ECF # 8, Attachment (state court record) at 1-2.

[13] *Id*.

[14] *See*, ECF # 8 at 6.

[15] *Id.*

of ten years for his convictions on the two drug charges but dismissed the major drug offender specifications and waived any fines.[16]

## B.    Direct appeal

### 1.    *The court of appeals*

Now represented by different counsel,[17] Gunner then timely appealed his conviction and sentence.[18]  In his brief,[19] Gunner raised a single assignment of error:

> Appellant was denied effective assistance of counsel where inadmissible evidence, specifically State's Exhibit [sic] 2 and 3, were admitted into evidence without objection, despite the State's failure to authenticate the evidence and establish the chain of custody for said evidence.[20]

The State filed a brief in response,[21] Gunner filed a reply,[22] and the Ohio appeals court thereupon overruled Gunner's assignment of error, affirming the decision of the trial court.[23]

---

[16] ECF # 8, Attachment at 4-5.

[17] Joanna Baron represented Gunner at trial.  *Id.* at 4.  Stephen Long represented Gunner for the appeal.  *Id.* at 6.

[18] *Id.* at 6-7.  The conviction and sentence was journalized on November 17, 2006, *id.* at 4, and the notice of appeal filed on December 1, 2006.  *Id.* at 6.  Inasmuch as Ohio App. Rule 4(A) requires that an appeal be filed within 30 days of entry of the judgment for which appeal is sought, Gunner's notice of appeal here was timely.

[19] ECF # 8, Attachment at 10-25.

[20] *Id.* at 13.

[21] *Id.* at 28-36.

[22] *Id.* at 37-43.

[23] *Id.* at 44-52.

## 2.      *The Supreme Court of Ohio*

Through new counsel,[24] Gunner filed a timely notice of appeal with the Supreme

Court of Ohio.[25]  In his brief in support of jurisdiction,[26] Gunner advanced one proposition

of law:

> When authenticity of evidence is sought to be established under Evid. R.
> 901(B)(9) through a process or system that produces an accurate result, proof
> of the existence of such process or system is not sufficient to establish
> authenticity unless it is also shown that the process or system was actually
> utilized in the case under litigation.[27]

The State filed a brief opposing jurisdiction.[28]  On September 10, 2008, the Ohio

Supreme Court denied Gunner leave to appeal, dismissing his appeal as not involving any

substantial constitutional question.[29]

## C.      **Application to reopen the appeal**

## 1.      *The court of appeals*

While the motion for leave to file was still pending before the Ohio Supreme Court,

Gunner, again represented by the same attorney as had filed that motion with the Ohio

---

[24] Gunner was represented here by attorney John F. Potts. *See*, *id.* at 53.

[25] *Id.* at 53-55.  Under Ohio Supreme Court Rule 2.2(A)(1)(a) an appeal is timely if filed within 45 days of the appellate judgment.  The appellate court decision here was entered on April 18, 2008, and the notice of appeal filed on June 2, 2008, or 45 days later.

[26] ECF # 8, Attachment at 56-65.

[27] *Id*. at 57.

[28] *Id*. at 72-80.

[29] *Id*. at 81.

Supreme Court, then filed an application with the appeals court to reopen his appeal under Ohio Appellate Rule 26(B).[30]  In his Rule 26(B) application Gunner argued that his appellate counsel was ineffective because he did not advise Gunner of the time limits applicable to filing a post-conviction petition.[31]  While Gunner conceded that his court-appointed appellate counsel had no duty to file for any post-conviction relief, he maintained that counsel's performance should be found "objectively unreasonable" for not advising Gunner of the time limits involved with initiating such a petition.[32]

In essence, Gunner asserted that because the time period for filing for post-conviction relief is determined by the date the record is transmitted to the appeals court, and because that deadline had passed without Gunner being aware of it or filing a timely petition, the proper remedy under Rule 26(B) was for the appeals court to order re-submission of the record so that the post-conviction time clock could be reset and Gunner could file for post-conviction relief.[33]

---

[30] *Id.* at 82-91.

[31] *Id*. at 84.

[32] *Id*.

[33] *Id*. at 86.

After Gunner amended the Rule 26(B) application,[34] the State filed a memoranda in opposition to Gunner's 26(B) application[35] and application as amended.[36] The appeals court thereupon denied the application to reopen, noting that Gunner's claim did not state any ineffective performance under *Strickland v. Washington* because it did not raise any new argument that Gunner's appellate counsel failed to raise in the original appeal that could now be presented upon reopening.[37] In addition, the court observed that, because reopening an appeal does not involve re-submission of the record, granting the reopening in this case would not result in Gunner getting the relief he wanted – a fresh opportunity to file for post-conviction relief.[38]

---

[34] *See*, *id*. at 92-94 (motion to amend); *id*. at 95 (order granting motion); *id*. at 96-124 (amendment with additional affidavits and portions of the transcript).

[35] *Id*. at 126-33.

[36] *Id*. at 134-35.

[37] *Id.* at 137-38, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[38] *Id*.

## 2.      The Ohio Supreme Court

Gunner then filed a notice of appeal with the Ohio Supreme Court from this decision.[39]  In his memorandum in support of jurisdiction[40] Gunner raised two propositions of law:

> 1.      Where a colorable claim of ineffective assistance on the part of trial counsel is presented that is not capable of determination on direct appeal from a criminal conviction, the attorney handling the convicted defendant's first appeal as of right must advise the convicted defendant regarding the existence of the post-conviction remedy under R.C. 2953.21, *et seq* and the time limitation for commencing such post-conviction proceeding.  The failure to provide such advice constitutes a depravation of the right to effective assistance of appellate counsel under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, without regard to whether the convicted defendant was entitled to the assistance of counsel in a proceeding for post-conviction relief.[41]

> 2.      Where a colorable claim of ineffective assistance of trial counsel is apparent which is not capable of determination on direct appeal, the failure of counsel representing a convicted criminal defendant on direct appeal to provide accurate and timely advice about the limitations period for filing a petition for post-conviction relief under R.C. 2953.21 constitutes ineffective assistance on the part of appellate counsel which can be raised in a timely filed Application for Re-Opening under App. R. 26(B).[42]

---

[39] *Id*. at 140-142.  The appellate court decision denying the Rule 26(B) application was entered on September 17, 2008, and the notice of appeal was filed November 3, 2008.  While at 46 days this appears to be beyond the time limit for filing an appeal with the Ohio Supreme Court, the timeliness of the notice is not at issue here.

[40] *Id*. at 143-59.

[41] *Id*. at 144.

[42] *Id*.

The State filed a memorandum in opposition to jurisdiction.[43]  On December 31, 2008, the Supreme Court of Ohio dismissed Gunner's appeal as not involving any substantial constitutional question.[44]  The record does not indicate that Gunner then sought a writ of certiorari from the United States Supreme Court.[45]

### D.    Federal habeas petition

On December 29, 2009, Gunner, through the same counsel as had represented him for the Rule 26(B) proceeding, timely filed[46] the present petition for federal habeas relief raising the following two grounds for relief:

1.    Ground One:  Ineffective assistance of appellate counsel.[47]

2.    Ground Two:  Ineffective assistance of trial counsel.[48]

Gunner acknowledges that his claim of ineffective assistance of trial counsel, here presented as the second ground for relief, was not previously advanced before any Ohio court.  Specifically, in the petition Gunner states the facts supporting his claim as follows:

Petitioner's specific claim of ineffective assistance of trial counsel was dependent upon facts not appearing in the record and was not raised by

---

[43] *Id*. at 165-75.

[44] *Id*. at 176.

[45] *See*, ECF # 1 at 3-4.

[46] As noted, the Supreme Court of Ohio declined to exercise jurisdiction over an appeal in Gunner's Rule 26(B) application on December 31, 2008.  The current habeas petition was filed December 29, 2009.

[47] ECF # 1 at 5.

[48] *Id*.

-9-

> petition for post-conviction relief because petitioner's court[-]appointed [appellate] counsel never advised petitioner of the existence of the post-conviction remedy or the time limitation for filing a petition for post-conviction relief[, a time limit] which expired while petitioner was being represented by court[-]appointed appellate counsel.[49]

As noted above, the State argues that the essential claim here is presented in ground two:  that trial counsel was allegedly ineffective for not properly advising Gunner as to the advantages of an offered plea.[50]  Because presenting arguments to an Ohio court about what advice counsel may have given concerning a possible plea would have required reliance on matters outside the record, the State notes that this claim could not have been presented on direct appeal but would have required that Gunner file a post-conviction petition, which he concedes he did not do.[51]  Thus, because the time for filing a post-conviction petition in Ohio has elapsed, the claim would be procedurally defaulted unless Gunner could show cause for his default.[52]  The State maintains that ground two of the current habeas petition, concerning alleged ineffectiveness by appellate counsel, is, in reality, an argument as to cause that would excuse the procedural default applicable to ground one.[53]

In that regard, the State contends that any failure of Gunner's appellate lawyer to advise Gunner of the time limits for filing a post-conviction petition are inadequate to excuse

---

[49] *Id.* at 6.

[50] ECF # 8 at 12.

[51] *Id.* at 12-13.

[52] *Id.* at 13.

[53] *Id.* at 14.

the procedural default for two reasons.[54]  First, the State asserts that the ineffective assistance argument as to appellate counsel is, itself, procedurally defaulted and so cannot be used as cause to excuse a prior procedural default.[55]  Second, the State maintains that since Gunner has no right to counsel in post-conviction proceedings, his appellate counsel could not be ineffective in not informing him of post-conviction remedies.[56]

Gunner, in his traverse,[57] accepts the State's framing of the issues, acknowledging that the claim for ineffective assistance of trial counsel has been procedurally defaulted, and that the claim of ineffective assistance of appellate counsel would, if established, constitute cause for that default.[58]  That said, Gunner essentially argues[59] that while, admittedly, he had no right to counsel in a post-conviction proceeding, his appellate attorney should be found to have provided constitutionally ineffective representation by not informing him of the time limits for filing a post-conviction petition since that filing deadline occurred while the direct

---

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] ECF # 11.

[58] *Id.* at 2.  I note that both Gunner and the State refer to the ineffective assistance of trial counsel claim as ground one of the habeas petition.  *See*, *e.g.*, ECF # 8 at 14 (State); ECF # 11 at 2 (Gunner).  Actually, the petition itself, as noted above, has the ineffective assistance of trial counsel claim as the second ground for relief.

[59] In addition to the traverse, Gunner also filed, with permission of the Court (non-document order of June 22, 2010), a rebuttal memorandum (ECF # 14) to the State's reply to the traverse (ECF # 12).

-11-

appeal was pending, or "during a stage of proceedings when petitioner enjoyed a Sixth Amendment right to counsel."[60]

## Analysis

**A.     Preliminary observations**

Before addressing the issues raised by the petition and by the State, I make the following preliminary observations:

1.     There is no dispute that Gunner is currently in state custody as a result of his 2006 conviction and sentence by an Ohio court, and was so incarcerated at the time he filed this petition.  Thus, I recommend finding that Gunner meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[61]

2.     There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[62]

3.     In addition, Gunner states,[63] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[64]

4.     Moreover, it appears, subject to the procedural default argument presented by the State, that the claims here have been totally exhausted in Ohio courts by virtue of having been fairly presented as federal

---

[60] ECF # 14 at 2.

[61] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[62] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[63] ECF # 1 at 7.

[64] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

-12-

constitutional claims through one full round of the state's established appellate review procedure.[65]

5.     Finally, Gunner, who is represented, has not requested the appointment of counsel[66] but has requested an evidentiary hearing to develop the factual basis of the ineffective assistance claim pertaining to trial counsel if the procedural default is overcome.[67]

## B.    Standards of review – waiver/procedural default

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[68]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[65] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[66] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[67] *See*, ECF # 11 at 2; 28 U.S.C. § 2254(e)(2).

[68] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[69]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[70]

If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation.[71]  In addition, procedural default may also be excused by a showing of actual innocence.[72]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[73] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[69] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[70] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[71] *Deitz v.Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[72] *Id.*

[73] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

-14-

proceeding with error of a constitutional dimension.[74] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[75]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[76]  In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[77]

**C.**     **Application of standard – Gunner's admitted procedural default on his claim of ineffective assistance of trial counsel is not overcome by his claim that appellate counsel was ineffective for not advising Gunner of the time limits for filing for post-conviction relief since "attorney error cannot constitute cause [within the cause and prejudice doctrine of procedural default] where the error caused a petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel."[78]  Thus, the petition here should be dismissed.**

I note first that Gunner has admitted that the claim asserting ineffective assistance of trial counsel was procedurally defaulted when Gunner failed to timely file a post-conviction

---

[74] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[75] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[76] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[77] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[78] *Tanner v. Jeffreys*, 516 F. Supp. 2d 909, 916 (N.D. Ohio 2007) (quoting *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002) (citations omitted)); *see also*, *Hobbs v. Warden*, 2010 WL 4273329, at *4 (S.D. Ohio Oct. 1, 2010) (report and recommendation of MJ Hogan) (collecting cases); *Hubbard v. Warden*, 2010 WL 3931500, at *5 (S.D. Ohio Sept. 7, 2010) (report and recommendation of MJ Wehrman) (collecting cases).

-15-

petition to properly raise that claim to an Ohio court.[79]  Thus, with the existence of a procedural default as to this claim established, there is no need to resort to the well-known four-part *Maupin* test to determine the presence of a procedural default.[80]  Rather, the issue here, as noted above and accepted by the parties,[81] is whether this admitted default can here be excused by the alleged ineffective assistance of Gunner's appellate counsel.

In that regard, the parties have argued over whether this claim of ineffective assistance of appellate counsel has itself been procedurally defaulted in the Ohio courts.  Answering this question would require this Court to determine as a matter of Ohio law whether the state appeals court, which denied Gunner's Rule 26(B) motion to reopen the appeal, did so on the merits without relying on a procedural default (as Gunner asserts)[82] or did so because it determined that the remedy sought by Gunner was not available under Rule 26(B), which, the State argues, is a species of procedural default.[83]

Confronted with that situation, I am mindful that the Sixth Circuit teaches that, where resolving a claimed procedural default (1) involves a complicated question of state law that (2) does not need to be decided to deny the petitioner's claim, the better course is for the

---

[79] ECF # 11 (traverse) at 2.

[80] *See*, *Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005) (citing *Maupin v. Smith*, 785 F.2d 135, 138-138 (6th Cir. 1986)).

[81] ECF # 11 at 2 (Gunner "concurs" with the State's "statement of the issue presented").

[82] *Id*. at 11-20.

[83] ECF # 8 (return of the writ) at 14-17.

federal habeas court to bypass the claimed procedural default and directly deny the underlying claim.[84]

Accordingly, as will be developed below, I recommend bypassing the issue of whether Gunner has procedurally defaulted his claim of ineffective assistance of appellate counsel and proceed to consider the question of whether the claimed inaction of Gunner's appeals counsel could be cause for the admitted procedural default as to the claimed ineffectiveness of his trial counsel.[85] As noted, for the reasons that follow, I will recommend finding that the actions or inactions of the appeals counsel could not excuse Gunner's failure to timely file a post-conviction action against his trial counsel.

Gunner's argument in this regard[86] is that his appellate counsel became aware during the preparation of the brief on direct appeal that Gunner believed that his trial counsel did not adequately advise him in regards to an offered plea deal at trial.[87] When presented with this

---

[84] *Hudson*, 351 F3d at 215-216.

[85] I also note that because the federal constitutional ineffective assistance of trial counsel argument was not analyzed by the Ohio court, AEDPA deference does not apply as to the Ohio decision, and the federal habeas court reviews the claim *de novo*. *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[86] The argument was extensively developed by Gunner for his Rule 26(B) motion where Gunner was represented by the same attorney as represents him here. The factual information cited here comes from the sworn affidavits submitted by Gunner in support of his Rule 26(B) motion.

[87] ECF # 8, Attachment at 104, Affidavit of Michelle Borowicz (Gunner's mother) at ¶ 8. "After my son was convicted, I spoke with Stephen D. Long, the lawyer who was appointed to represent my son on appeal. Mr. Long told me he did not want to talk about what happened [involving trial counsel and an offered plea deal] because he could only use [in the appeal] what was on the record and he wanted to look at the record fresh, the same way the court of appeals would look at it."

information, Gunner's appellate counsel declined to discuss the details of such a claim against trial counsel, telling Gunner's mother that since any supporting evidence would exist outside the trial record, such a claim would be beyond the scope of what he, as appellate counsel, could use in the appeal.[88]

Gunner claims that his appellate counsel rendered ineffective assistance when, despite telling his mother that a claim against trial counsel was beyond the scope of direct appeal, the appellate attorney then failed to state that such a claim could properly be raised in another forum, namely, a post-conviction action, and that a post-conviction petition needed to be filed within a certain time limit.[89]

Gunner further argues that since this exchange with his appellate lawyer occurred while time still remained for him to file a post-conviction petition, (1) the failure of appellate counsel to directly point out that a post-conviction petition was a possible avenue to raise the claim against trial counsel, and (2) to specifically mention the time available for filing such a petition, (3) constituted cause for Gunner not making a timely filing of his ineffective assistance claim against trial counsel in a post-conviction petition, thus excusing the admitted procedural default.[90]

---

[88] *Id.*

[89] ECF # 11 at 3; *see also*, ECF # 8, Attachment (Gunner affidavit) at 100, ¶ 11; (Borowicz affidavit) at 104, ¶ 9.

[90] ECF # 11 at 3-4; ECF # 14 at 2-3.

In analyzing this assertion of cause, I note first that Gunner himself acknowledges the rule[91] that "attorney error cannot constitute cause [to excuse a procedural default] where the error caused the petitioner to default in a proceeding in which the petitioner was not constitutionally entitled to counsel."[92] On its face, this rule would totally preclude Gunner's argument here, since he is claiming that error by his appellate counsel caused him to procedurally default in filing a post-conviction petition, which is a proceeding in which he has no constitutional right to counsel.[93]

Accordingly, Gunner then argues that whatever effect the rule may have "in the ordinary case,"[94] the Sixth Circuit in *Smith v. Ohio Department of Rehabilitation and Corrections*[95] created an exception to the above bright-line rule by holding that an appellate attorney is constitutionally ineffective for not informing his client of the result of a direct appeal in time for the client to avoid a procedural default in then timely filing a discretionary appeal. Gunner contends that this holding in *Smith* should now compel this Court to find that his appellate counsel was ineffective in the circumstances of his case.[96]

---

[91] ECF # 11 at 4.

[92] *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002) (citing *Coleman v. Thompson*, 501 U.S. 722, 751-53 (1991)).

[93] *Wilson v. Hurley*, 382 F. App'x 471, 478 (6th Cir. 2010) (citation omitted).

[94] ECF # 11 at 4.

[95] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 433-35 (6th Cir. 2008).

[96] ECF # 11 at 8.

Gunner's reasoning appears to be that any "necessary" legal advice which may need to be given during the time when appellate counsel is representing a client on direct appeal should be held to be "related to the representation on direct appeal as of right."[97]  Gunner's argument holds that advice from appellate counsel as to post-conviction petition was necessary, since, absent that advice, Gunner had no basis for knowing what he needed to do to assert his claim against his trial counsel.[98]

In addition to claiming support in *Smith*, Gunner also invokes the Supreme Court's holding in *Strickland*.  Gunner maintains that since the *Strickland* standard for effective representation requires counsel to consult with a client on "important decisions" and keep a client advised as to "important developments" in the client's case, that standard should apply here, because, he contends, the availability of a post-conviction remedy and the deadline for seeking such relief were "important developments" in Gunner's case that occurred during the first appeal as of right when he was represented by counsel.[99]

In addressing Gunner's reliance on *Smith*, I note that *Smith* itself grounds its holding that notification of the appellate result was within the scope of counsel's duties during an appeal as of right – a proceeding in which the appellant has a constitutional right to counsel – on the fact, as the Sixth Circuit expressly stated, that the decision in a particular proceeding

---

[97] ECF # 11 at 5.

[98] *Id*. at 8.

[99] *Id*. at 9-10.

"is *part of that legal proceeding*."[100]  *Smith* then also noted that the result in a proceeding is "an important development" in that proceeding, which brings communication of that result into the scope of the *Strickland* standard.[101]

Here, Gunner's situation is not similar to *Smith* or to *Strickland*.  As *Smith* observes, the key to its holding is that a decision cannot be logically separated from the proceeding itself; it is the necessary end point of a single process.  The mouth and the source are different points, but manifestly a single river. As such, if the constitution requires counsel when a defendant journeys on the river, counsel's responsibilities include, in essence, making the full trip.

Gunner, however, seeks to ground counsel's responsibilities not in whether they relate to a specific <u>event</u> – *i.e.*, to the specific trip down a specific river – but in whether they arise during the specific <u>time</u> the constitutionally-mandated journey was underway.  Thus, the meaning of the phrase "related to" the first appeal as of right – a phrase used by *Smith* to locate the source of counsel's constitutional duties[102] – is changed from describing a duty arising out of the unitary nature of the single appellate event (a view which is consistent with *Strickland*'s notion of duties relating to a single process marked with important "developments"), to one where the duty would spring from merely temporal coincidence – did the duty arise during the time when a constitutional right to counsel existed?

---

[100] *Smith*, 463 F.3d at 433 (emphasis in original).

[101] *Id*. at 434.

[102] *Id*. at 433 n.4.

Gunner's argument was squarely rejected by the Sixth Circuit in *Wilson v. Hurley*.[103]
In *Wilson*, the federal habeas petitioner had procedurally defaulted his Rule 26(B) application
for reopening his appeal by filing late.[104] Like Gunner here, Wilson argued that the cause for
that procedural default was ineffective assistance from his attorney during the first appeal as
of right, who, Wilson claimed, did not inform him of the deadline for filing a Rule 26(B)
motion.[105] As with Gunner, Wilson argued that, although he did not have a right to counsel
in a Rule 26(B) proceeding, *Smith* imposed a duty on his appellate counsel to advise Wilson
as to the deadline for filing a Rule 26(B) application.[106]

The Sixth Circuit rejected this argument in a manner consistent with understanding
*Smith* as focused on duties arising out of an event rather than within a moment in time:

> [U]nike *Smith*, the conduct that [Wilson] challenges "relate[] to
> representation at a stage of the proceeding where there is a right to counsel."...
> Counsel's alleged failure to inform Wilson of the time requirements for filing
> a Rule 26(B) application for reopening the appeal – unlike informing a client
> of the decision in a proceeding in which counsel represented that client – does
> not relate to the continuation of the direct appeal. Rather, such conduct relates
> to an independent, collateral proceeding.[107]

Accordingly, based on the foregoing teaching of the Sixth Circuit, I recommend
finding on *de novo* review that Gunner could not excuse the admitted procedural default of

---

[103] *Wilson*, 382 F. App'x at 479.

[104] *Id.* at 478.

[105] *Id.*

[106] *Id.* at 479.

[107] *Id.*

his claim against trial counsel by locating cause for that default in any alleged failure of appeals counsel to inform him of the deadline applicable to filing a post-conviction motion.

## Conclusion

Therefore, based on the admitted, non-excused procedural default, I recommend dismissing Gunner's petition as procedurally defaulted.

Dated:   March 29, 2011                          s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[108]

---

[108] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-23-